| DISTRICT COURT, COUNTY OF LARIMER, COLORADO<br>201 LAPORTE AVE<br>FORT COLLINS, CO 80521 | DATE FILED<br>August 6, 2024 11:40 AM<br>FILING ID: F2C1AE8370B0F<br>CASE NUMBER: 2024CV30691 |
|---|---|
| Plaintiff:<br>**LANDON WEBSTER,**<br><br>v.<br><br>Defendant:<br>**SAFECO INSURANCE** | ▲ Court Use Only ▲ |
| *Attorneys for Plaintiff:*<br>Hanna Bledsoe, #55128<br>Brian Caplan, #45129<br>Legal Help in Colorado<br>ROSS ZIEV, P.C.<br>8480 E Orchard Road #2400<br>Greenwood Village, CO 80111<br>Telephone: (303) 351-2567<br>e-mail: hanna@helpincolorado.com<br>brian@helpincolorado.com | Case Number:<br><br>Courtroom: |
| **CIVIL COMPLAINT AND JURY DEMAND** ||

COMES NOW the Plaintiff, Landon Webster, by attorneys, Legal Help in Colorado, for this Civil Complaint against Defendant SafeCo Insurance, alleges and avers as follows:

1. At all times relevant to this action, Plaintiff Landon Webster was and is a resident of the State of Colorado.

2. Upon information and belief, the Defendant SafeCo Insurance is a foreign entity registered to conduct business in the in the State of Colorado with a registered agent located at 1900 W Littleton Blvd, Littleton, Colorado 80120.

3. Venue is proper in the District Court of Larimer County, Colorado, pursuant to C.R.C.P. 98(c), because the tort occurred in Larimer County.

**FACTUAL ALLEGATIONS**

1

4. Plaintiff incorporates herein by this reference the allegations set forth with specificity in the above paragraphs of this Civil Complaint and Jury Demand as if set forth verbatim.

5. On or about August 27, 2021, on south-bound I-25 around Fort Collins, Colorado ("the time of the collision"), Plaintiff was driving a 2017 Nissan GT-R.

6. Plaintiff was hit by a third-party liable driver.

7. Plaintiff was not at fault.

8. At the time of the collision, the liable driver fled the scene.

9. Plaintiff's vehicle was damaged by the incident.

10. Plaintiff was not comparatively negligent in causing the collision described above.

11. At the time of the collision, Plaintiff was insured with SafeCo Insurance under policy #Y9131243 ("the Policy") which should have provided the actual cash value of the vehicle, less a $500 deductible.

12. The Policy is meant to cover property damage to Plaintiff's vehicle for incidents such as the subject incident.

13. Plaintiff Landon Webster has received estimates for the amount of $32,500 for the repairs to his luxury vehicle.

14. Plaintiff was an insured person, as that term is defined in the Policy, at the time of this collision.

15. Defendant has not provided a fair valuation of Plaintiff's vehicle.

16. Defendant has unreasonably failed to pay the fair value of Plaintiff's vehicle.

17. Defendant has unduly delayed paying Plaintiff the fair value of his vehicle.

18. Defendant has failed to provide reason or explanation of why they will not pay the fair value of Plaintiff's damages.

19. As a direct and proximate result of the incident described above, Plaintiff suffered damages and losses.

### FIRST CLAIM FOR RELIEF
**Bad-Faith Breach of Contract by SafeCo**

20. Plaintiff incorporates herein by this reference the allegations contained in in the above Paragraphs of this Civil Complaint and Jury Demand as if set forth verbatim.

21. For the claims against Defendant, Plaintiff is a first-party claimant pursuant to C.R.S. §§ 10-3-1115 & 10-4-609, and *Goodson v. Am. Standard Ins. Co of Wisconsin*, 89 P.3d 409 (Colo. 2004).

22. Plaintiff has incurred an estimated $32,500 in damages related to the collision and Defendant's failure to pay.

23. Plaintiff has an insurance policy with SafeCo Insurance that provides for comprehensive and collision coverage, with a limit of the actual cash value less a $500 deductible.

24. To date, SafeCo Insurance has not fully compensated Plaintiff for damages sustained in this collision and owed under the Policy.

25. Defendant has acted in bad faith while failing to pay for property damage in violation of C.R.S. 10-3-1115.

26. Specifically, Defendant violated C.R.S. § 10-3-1115 by failing to reasonably and timely pay for a covered benefit under the terms of its contract with Plaintiff; namely, SafeCo Insurance failed to pay up to $32,500 worth of damages that Plaintiff was entitled to.

27. As a result of SafeCo Insurance's bad-faith breach of contract, Plaintiff Landon Webster has suffered losses.

### SECOND CLAIM FOR RELIEF
**Common Law Bad-Faith Breach of Contract by SafeCo and
Violations of C.R.S. 10-3-1104**

28. Plaintiff incorporates and re-alleges the allegations contained in Paragraphs above.

29. As a provider of insurance to the public, Defendant SafeCo Insurance at all times had a duty to act in good faith and fair dealing in everything pertaining thereto, abstain from deceptive or misleading practices and keep, observe, and practice the principles of law and equity in all matters pertaining to the business of insurance.

30. Under Colorado law, every insurance contract contains an implied covenant of good faith and fair dealing and imposes on insurers a duty to act in good faith with their insureds.

3

31. Pursuant to its implied duty of good faith and fair dealing, Defendant owed to Plaintiff Landon Webster an obligation to treat Plaintiff's interests with equal consideration to their own interests.

32. Defendant SafeCo Insurance has breached its duty of good faith and fair dealing owed to Plaintiff, including but not limited to:

    a. Failing to give equal consideration to the interest of Plaintiff, its insured.

    b. When investigating Plaintiff's claims, failing to diligently search for evidence that supported their insured's (Plaintiff's) claims;

    c. Seeking to discover only evidence that defeated their insured's (Plaintiff's) claims;

    d. Unreasonably delaying and/or withholding benefits under the insurance policy in without a reasonable basis for delaying and/or withholding benefits, with knowledge or reckless disregard of a lack or reasonable basis for delaying and/or withholding benefits;

    e. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurance policy;

    f. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

    g. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims after its liability has become reasonably clear;

    h. Compelling Plaintiff to institute litigation to recover amounts due under the insurance policy;

    i. Forcing Plaintiff into the costly and lengthy process of litigation;

    j. Failing to adopt and implement reasonable standards for the prompt resolution of medical payment claims.

    k. Attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application; namely, Plaintiff Landon Webster.

    l. Any further acts which may be discovered.

4

33. Defendant SafeCo Insurance's aforesaid conduct was unreasonable and Defendant either knew such conduct was unreasonable or recklessly disregarded the fact that the conduct was unreasonable.

34. As a direct and proximate result of Defendant SafeCo Insurance's breach of its duty of good faith and fair dealing, Plaintiff has sustained damages in the amount to be proved at trial.

### THIRD CLAIM FOR RELIEF
#### Breach of Insurance Contract by SafeCo

35. Plaintiff incorporates and re-alleges the allegations contained in Paragraphs above.

36. As detailed above, Plaintiff had a valid contract with SafeCo Insurance at the time of the collision, which provided for comprehensive and collision coverage, with a limit of the actual cash value less a $500 deductible.

37. Plaintiff Landon Webster suffered a total of over $30,000 in damages related to the collision.

38. Defendant SafeCo Insurance breached its contract with Plaintiff by failing to pay for damages covered under its contract with Plaintiff Landon Webster.

39. Plaintiff Landon Webster suffered losses because of SafeCo Insurance's breach of contract.

### JURY DEMAND

Trial to a Jury of six (6) is demanded on all issues so triable.

WHEREFORE, Plaintiff prays for Judgment against Defendant in an amount to be determined at trial, pre-judgment and post-judgment interest, costs and expert witness fees, and for such other and further relief as the Court may deem proper.

DATED: August 6, 2024

                                        Respectfully submitted,
                                        LEGAL HELP IN COLORADO

                                        */s/ Hanna Bledsoe*
                                        Hanna Bledsoe, Esq.